UNITED DISTRICT COURT
EASTERN DISTRICT OF TENNNESSEE
AT KNOXVILLE

FILED
2021 FEB 17 A 9:12

U.S. DISTRICT COURT
EASTERN DIST. TENN.

John Doe,
    Plaintiff,

vs.

David B. Rausch, Director of the
Tennessee Bureau of Investigation,
in his official capacity; Eve M. Thomas,
Police Chief for the Knoxville Police
Department, in her official capacity; Timothy
Thornton, Investigator/Sex Offender
Compliance Officer for Knoxville Police
Department, in his official capacity; Tanya
Beene, Officer for Tennessee Department of
Correction, in her official capacity
    Defendants.

Civil No.: 3:21MC14-Varlan/Guyton
(supplied by Court Clerk)

TRIAL BY JURY DEMANDED

## COMPLAINT

Comes now Plaintiff John Doe, pro se, pursuant to 42 U.S.C.A., §1983 and sues Defendants David B. Rausch, the Director of the Tennessee Bureau of Investigation, in his official capacity; Eve M. Thomas, Police Chief for the Knoxville Police Department, in her official capacity; Timothy Thornton, Investigator/Sex Offender Compliance Officer for Knoxville Police Department; and Tanya Beene, Officer for Tennessee Department of Correction, in her official capacity, and alleges as follows:

### PRELIMINARY STATEMENT

This is an action by Plaintiff John Doe, a citizen and resident of the State of Tennessee, who has been retroactively required to comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration Verification and Tracking Act of 2004. See Tenn. Code Ann. §§40-39-201 – 40-39-218 (2016) (hereinafter referred to as "Act"), for the rest of his life.

The Act was initially enacted in 1994 by the Tennessee General Assembly and amended several times. In 2004 the Tennessee Legislator, after numerous amendments, repealed and replaced the 1994 Act. In 2014 the Tennessee Legislator amended the Act to require that anyone who has been convicted of an offense in which the victim was a child of twelve (12) years or younger to remain on the registry for life. Plaintiff's conviction was fifteen (15) years prior to the Acts' initial enactment in 1994, twenty-four (24) years prior to the 2004 replacement of the Act, and thirty-five (35) years prior to the 2014 amendment.

Plaintiff challenges the retroactive application, as applied to him, of the 2004 Act and the 2014 Amendment of the Act as a violation of the Constitutional provision against ex post facto laws, and the Due Process Clause of the Fourteenth (14th) Amendment to the United States Constitution.

## JURISDICTION AND VENUE

1. This civil action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as Article 1 and the 14th Amendment to the US Constitution. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 as this case arises under the Constitution, laws and treaties of the United States. Jurisdiction is also proper pursuant to 28 U.S.C. §1343 as this action is being filed to redress the deprivation of rights, under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing equal rights of citizens or of all persons within the jurisdiction of the United States, and to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of Civil Rights.

2. This Court also has jurisdiction over Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§2201-2202, and Fed. R. Civ. P. 57 and 65.

2

3. Venue is proper in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to this claim occurred within the Eastern District.

## PARTIES

4. Plaintiff is a citizen and resident of the State of Tennessee. Plaintiff requested to be removed from the State of Tennessee Sex Offender Registry on two (2) occasions and has been denied. Therefore, having suffered actual harm under the Act, which may be redressed by a favorable ruling in this Court, the Plaintiff has standing to challenge the Constitutionality on the 2004 Act and on the 2014 Amendment.

5. Defendant David B. Rausch ("Defendant Rausch") is the Director of the Tennessee Bureau of Investigation having taken office on June 25, 2018. Defendant Rausch is being served with a copy of this Complaint and summons by Tennessee Court Services.com.

6. Defendant Eve M. Thomas ("Defendant Thomas") is the Police Chief for the Knoxville Police Department having taken office on June 21, 2018. Defendant Thomas is being served with a copy of this Complaint and summons by Tennessee Court Services.com.

7. Defendant Timothy Thornton ("Defendant Thornton") is the Investigator assigned as the Sex Offender Registry Compliance Officer. Defendant Thornton is being served with a copy of this Complaint and summons by Tennessee Court Services.com.

8. Tanya Beene, ("Defendant Beene") is the Warden's Designee for Morgan County Correctional Complex to ensure all sex offenders that are required to be registered be registered in compliance with the 2004 Sex Offender Act. Defendant Beene is being served with a copy of this complaint and summons by Tennessee Court Services.com.

# FACTUAL ALLEGATIONS

9. Plaintiff Doe resides within the Eastern District of Tennessee.

10. On June 11, 1979, Plaintiff Doe was charged with 1st Degree Criminal Sexual Misconduct against a 25 year old victim.

11. On March 31, 1980, Plaintiff pled guilty to 2nd Degree Criminal sexual Misconduct.[1]. There is nothing within the plea agreement that Plaintiff Doe signed, in good faith, that:

> a) gave Plaintiff Doe notice that he could be subject to any type of additional criminal or civil requirements, conditions or restrictions by a future Tennessee Legislator related to his 1979 2nd Degree Criminal Sexual Misconduct Charge;
>
> b) Plaintiff Doe would be required to register as a sex offender; and
>
> c) Plaintiff Doe would be monitored by the government for the rest of his life.

12. On February 24, 2020, while incarcerated at Morgan County Correctional Complex ("MCCX") Annex, Plaintiff was called to the Administrative Offices two days prior to his release.

13. Upon entering MCCX administrative building, Defendant Tanya Beene, Correctional Officer, asked him to sign paperwork registering him as a sex offender. Plaintiff refused stating that his 2nd Degree Criminal Sexual Misconduct charge was a 1979 charge and twenty-four (24) years prior to the 2004 Act.

14. Defendant Beene advised Plaintiff that if he continued to refuse that he could be criminally charged with another crime.

---

[1] Initially Plaintiff maintained his innocence but eventually signed a confession due to the agreement between him and a female Detective.

4

15. Plaintiff signed the paperwork under protest.

16. On February 26, 2020, Plaintiff was released from the custody of the Tennessee Department of Correction ("TDOC").

17. On February 27, 2020, Plaintiff reported to David Lively of the Knox County Sheriff's Office and was registered in compliance with the Act. Plaintiff was required to report monthly because he was homeless.

18. Since being released from TDOC custody, Plaintiff has not been subject to any supervision other than the sex offender registry laws.

19. In March of 2020, some Christians helped Plaintiff get temporary housing. Thereafter Plaintiff reported to Defendant Timothy Thornton on a quarterly basis. Plaintiff reported to Defendant Thornton because he lives within the city limits.

20. On October 26, 2020, Defendant Thornton came to Plaintiff's home for a compliance review. Plaintiff asked Defendant Thornton for a copy of a legal document that Plaintiff would need to file to be removed from the sex offenders registry. Defendant stated there was no such document. That Defendant merely had to write a letter requesting removal.

21. On November 29, 2020, Defendant Thornton came to Plaintiff Doe's home and gave him notice when his next scheduled quarterly registration verification would be. At that time Plaintiff requested Defendant Thornton for the necessary paperwork for removal from the sex offender registry. Defendant Thornton explained to Plaintiff that he (Defendant Thornton) had nothing to do with removing sex offenders from the registry. Defendant stated his duty was to ensure Plaintiff complied with the sex offender registry statutes. That Plaintiff would have to write the TBI and request removal.

5

Case 3:21-mc-00014-TAV-HBG   Document 1   Filed 02/17/21   Page 5 of 13   PageID #: 5

22. On December 21, 2020, Plaintiff sent Defendant Rausch a certified letter requesting removal from the sex offender registry.

23. On January 18, 2021, Plaintiff wrote Defendants Thomas and Thornton stating it was unconstitutional to retroactively require him to be on the sex offender registry and requested any local administrative rules adopted by KPD that Defendants operate under.

24. On January 26, 2021, at approximately 6:25 am, Defendant Thornton called Plaintiff stating that KPD had no local rules. The only rules KPD operates under are those rules adopted by TBI. The call ended at 6:40 am.

25. Also on January 26, 2021, Plaintiff received Defendant Rausch's January 13, 2021, letter denying Plaintiff removal from the sex offender registry.

26. The Act requires the TBI to maintain Tennessee's Sex Offender Registry. The TBI's responsibility includes enforcing the Act, maintaining the state's database of sex offenders, maintain an internet-accessible public sex offender registry, registering offenders, developing registration forms, providing statutorily-required notices for registrant, collecting registration fees and coordinating with national law enforcement and the national sex offender registry.

27. The Act also requires KPD to register and monitor all sex offenders within City limits. Last, the Act further requires the warden or warden designee, if the offender is incarcerated, to register the sex offender.

28. In 2014 the Tennessee Legislator amended the Act to require that anyone who has been convicted of an offense in which the victim was a child of twelve (12) years or younger to remain on the registry for life.

29. Among the provisions of the Act are requirements that registrants were classified as "sexual offenders" or "violent sexual offenders", with violent sexual offenders required to register for life; registrants designated as sexual offenders had to report annually, within seven (7) days of their date of birth to verify their registration information, and update finger prints, palm prints and photographs; registrants not subject to lifetime registration could no longer petition a court for removal from the registry and instead had to apply for removal from the TBI; and any violation of registration requirements was increased to a felony rather than a misdemeanor.

30. Plaintiff points out his 1979 2nd degree sexual misconduct conviction was fifteen (15) years prior to the Acts' initial enactment in 1994, twenty-four (24) years prior to the 2004 Act that replaced the 1994 Act, and thirty-five (35) years prior to the 2014 amendment. The victim was 25 years of age at the time of the offense.

31. Since Plaintiff's release from the TDOC he has unsuccessfully attempted to find a job due to the restrictions of the Act. The Act prohibits Plaintiff from working *"within one thousand feet (1,000) of the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center, or public athletic field available for use by the general public."* (emphasis added).

32. Due to the severe restrictions of the Act Plaintiff has found it impossible to find a job where he can legally work. The Act imposes numerous requirements on those who are registered, including residential and work restrictions; the requirement that once a year within seven (7) calendar days of the offender's birthday to report to a designated law enforcement agency to update fingerprints, palm prints, all relevant information and pay administration costs; and within 48-hours of changes in information, employment or vocation, report such changes. In addition, a

7

registrant has just three (3) days to update any electronic mail addresses, or any other internet communications and is constantly subject to surveillance and supervision and the stigma and potential harassment of being on the sex offender registry.

33. In fact, Plaintiff is unable to legally attend church services. Plaintiff cannot legally attend worship services due to the Acts' "other child care facility" restriction. Every church has some type of child care facility (i.e. preschool classes, nurseries). Furthermore, the Act does not define what "other child care facility" means. The word "other" creates uncertainty as to what "other child care facility" the Legislator is referring to. If Plaintiff violates any of the Acts' provisions, he can be convicted of a felony.

34. Among the provisions of the Act are requirements that registrants were classified as "sexual offenders" or "violent sexual offenders", with violent sexual offenders required to register for life; registrants designated as sexual offenders had to report annually, within seven (7) days of their date of birth to verify their registration, and update finger prints, palm prints and photographs; registrants not subjected to lifetime registration could no longer petition a court for removal from the registry and instead had to apply for removal from the TBI; and **any violation of registration requirements was increased to a felony rather than a misdemeanor**. (emphasis added).

35. When Plaintiff became discouraged because he could not find legal employment he began researching the problem of why he could not find employment. What Plaintiff soon found out was the consequences of the Acts' severe restrictions for his being required to register as a sex offender. Plaintiff discovered there are:

    i) 93 parks comprised of over 2,200 acres of land throughout the city;

ii) 112.5 miles of Greenway and/or unpaved trails; and

iii) 970 schools listed by groups below:
   a. Preschools – 210
   b. Elementary Schools – 86
   c. Middle Schools – 46
   d. High Schools – 38
   e. Public District Schools – 79
   f. Public Charter Schools – 0
   g. Private Schools – 216
   h. All other Schools – 295

As a result of the above, the restricted zones overlap and make it impossible to find employment where he can legally work within the city limits.

## COUNT 1-VIOLATION OF THE EX-POST FACTO CLAUSE

36. The plaintiff incorporates by reference the allegations in paragraphs 1-35 of this Complaint, as if fully set forth herein.

37. The retroactive application of the 2004 Act, as applied to him, violates the Ex Post Facto Clause of the United States Constitution, Article 1, §10, cl. 1, which prohibits a state from entering into an Ex Post Facto Law. Specifically, the 2004 Act inflicts retroactive punishment on the Plaintiff that did not exist at the time he pled guilty in 1979. Pursuant to the 2004 Act Plaintiff is required to be classified as a "sexual offender" or "violent sexual offender". Plaintiff's classification as a violent sexual offender requires him to register for life and report quarterly to verify his registration information, update his photographs, finger prints, and palm print. Furthermore, any violation of registration requirements subjects him to additional felony criminal charges.

38. The retroactive application of the 2014 amendment to the Act, as applied to him, violates the Ex Post Facto Clause of the United States Constitution, Article 1, §10, cl. 1, which prohibits a state from entering into an Ex Post Facto Law. Specifically, its' 2014 amendment inflicts retroactive punishment on the Plaintiff that did not exist at the time he pled guilty in 1979. Pursuant to the Act and its' amendment, the Plaintiff is now subject to a lifetime of restrictions including restrictions on where he may live and work; restrictions on associations, to annual and quarterly registration requirements, and the stigma and potential of harassment that comes with registration as a sex offender. Any violation of the requirements is punished as a felony. The Plaintiff did not know, nor had any idea, at the time of his conviction that such restrictions would be placed upon him by a future Tennessee Legislator.

## **COUNT 11-VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**

39. The plaintiff incorporates by reference the allegations in paragraphs 1-35 of this Complaint, as if fully set forth herein.

40. Plaintiff alleges that the Act and its' 2014 Amendment to the Sex Offender Registry violates the Due Process Clause of the Fourteenth (14th) Amendment to the United States Constitution, as applied to him, in numerous respects.

41. The Amendment violates the Plaintiff's Due Process Rights as he is being subject to an enhanced penalty that did not exist at the time of his conviction in 1979. The Plaintiff entered his plea at a time when his crime was punishable only by imprisonment without the burden of the Sex Offender Registry. The Plaintiff now faces enhanced punishment without having been given proper Due Process, which violates the 14th Amendment to the United States Constitution.

42. Likewise, by entering into a plea and accepting the punishment ordered in 1979, the Plaintiff waived substantial and important constitutional rights, including the right to persist in a plea of not guilty, confront and cross-examine witnesses; to compel witnesses to testify on his behalf, and to have a jury of his peers determine his guilt or innocence. In exchange for the waiver of his rights, the State of Tennessee agreed to only a sentence of 4-10 years. The 2004 enactment and the 2014 Amendment to the Tennessee Sex Offender registry and its retroactive application to the Plaintiff, has induced a breach of that agreement and a violation of the Plaintiff's Due Process rights under the 14th Amendment.

43. Further, the 2004 Act and the 2014 Amendment also violates the 14th Amendment Due Process Clause as it imposes criminal liability on the Plaintiff without the benefit of the Plaintiff having actual knowledge of the liability he is facing, and the restrictions imposed upon him in excess of ten (10) years initially imposed.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff John Doe respectfully prays:

1. This Court issue a judgment, pursuant to 28 U.S.C. §2201-2202, declaring that the retroactive application of the 2004 Act violates the prohibition in the United States Constitution against ex post facto laws; and to issue a permanent injunction against the Defendants from retroactively enforcing the 2004 Act against the Plaintiff;

2. This Court issue a judgment, pursuant to 28 U.S.C. §2201-2202, declaring that the retroactive application of the 2014 Amendment to the Act violates the prohibition in the United States Constitution against ex post facto laws; and to issue a permanent injunction against the Defendants from retroactively enforcing the 2014 amendment against the Plaintiff;

3. This Court issue a judgment, pursuant to 28 U.S.C. §2201-2202, declaring that the 2004 Act violates the Plaintiff's rights to Due Process as guaranteed by the 14th Amendment to the United States Constitution, and issue a permanent injunction restraining the Defendants from retroactively enforcing the 2004 Act against the Plaintiff;

4. This Court issue a judgment, pursuant to 28 U.S.C. §2201-2202, declaring that the 2014 Amendment violates the Plaintiff's plea agreement with the State of Tennessee in violation of the Due Process Clause as guaranteed by the 14th Amendment to the United States Constitution, and issue a permanent injunction restraining the Defendants from retroactively enforcing the 2014 Amendment against the Plaintiff;

5. This Court issue a judgment, pursuant to 28 U.S.C. §2201-2202, declaring that the 2004 Act violates the Plaintiff's plea agreement with the State of Tennessee in violation of the Due Process Clause as guaranteed by the 14th Amendment to the United States Constitution, and issue a permanent injunction restraining the Defendants from retroactively enforcing the 2004 Act against the Plaintiff;

6. This Court issue a judgment, pursuant to 28 U.S.C. §2201-2202, declaring that the 2014 Amendment violates the Plaintiff's plea agreement with the State of Tennessee in violation of the Due Process Clause as guaranteed by the 14th Amendment to the United States Constitution, and issue a permanent injunction restraining the Defendants from retroactively enforcing the 2014 Amendment against the Plaintiff;

7. This Court issue a permanent injunction commanding the TBI to permanently remove the Plaintiff from the Sex Offender Registry;

8. This Court issue a permanent injunction commanding the KPD to permanently remove all documentation of Plaintiff being on the Sex Offender Registry from their files;

9. This Court issue a permanent injunction commanding Defendants to be properly supervised and trained in determining who can be placed on the sex offender registry;

Award the Plaintiff his fees and costs pursuant to 42 U.S.C. §1988; and

For such other and further general relief as this Court deems appropriate.

Respectfully submitted this 17th day of February 2021.

*John Doe*
John Doe, Plaintiff

## CERTIFICATE OF SERVICE

I, John Doe, certify that I provided Tennessee Court Services.com with a true and exact copy of the foregoing complaint with a summons via electronic submission to immediately serve on each of the defendants listed below on this _____ day of February, 2021:

| | | |
|---|---|---|
| David B. Rausch, Director of the Tennessee Bureau of Investigation 901 Gass Blvd. Nashville, Tennessee 37216 | Tanya Beene, MCCX employee Morgan County Correctional Complex 501 Wayne Cotton Morgan Drive Wartburg, TN 37887 | Timothy Thornton, Investigator Knoxville Police Department 800 Howard Baker Jr. Avenue Knoxville, Tennessee 37915 |
| Eve Thomas, Police Chief of the Knoxville Police Department 800 Howard Baker Jr. Avenue Knoxville, Tennessee 37915 | | |

John Doe, Plaintiff
519 Williams Street
Knoxville, Tennessee 37917